his § 3582(c)(2) motion, it was untimely, because a reconsideration motion in a criminal case must be filed within the period to file a notice of appeal. *See* FED. R.APP. P. 4(b)(1)(A)(i). Further, Boutte's challenge to the calculation of his sentence under the Guidelines could not be considered in a 28 U.S.C. § 2255 motion as it asserts a nonconstitutional error that could have been raised on direct appeal. *See United States v. Towe*, 26 F.3d 614, 616 (5th Cir.1994). Even if Boutte's motion could be construed as a § 2255 motion, the district court would have lacked jurisdiction to consider it because Boutte previously filed a § 2255 motion, and this court has not authorized him to file a successive § 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir.1999); 28 U.S.C. § 2244(b)(3)(A). He likewise cannot raise his claim in a 28 U.S.C. § 2241 motion. *See Reyes–Requena v. United States*, 243 F.3d 893, 901–04 (5th Cir.2001).

Boutte has "appealed from the denial of a meaningless, unauthorized motion." *United States v. Early*, 27 F.3d 140, 142 (5th Cir.1994). Therefore, we AFFIRM the judgment of the district court on this alternative basis. *See id.* The Government's Motion for Summary Affirmance, or, Alternatively, for an Extension of Time Within Which to File a Brief, is DENIED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Sedrick Demon McCARTHER,**
**Defendant–Appellant.**

**No. 13–50066**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2013.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Assistant Federal Public Defender, Donna F. Coltharp, Assistant Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Sedrick Demon McCarther appeals his 60–month above-guideline sentence, claiming that the sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and is thus unreasonable. We review sentences for substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471–72 (5th Cir.2010). McCarther's complaint that the drug offense guideline, U.S.S.G.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.